**CLD-108**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3808
_____

IN RE:  JOSEPH W. FARMER,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 1-16-cv-08657)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 21, 2019

Before: CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed : March 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Joseph Farmer, a federal prisoner, seeks a writ of mandamus in connection with a

habeas petition he filed in the United States District Court for the District of New Jersey.

For the reasons that follow, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In November 2016, Farmer filed a petition pursuant to 28 U.S.C. § 2241 in the District Court, attacking the calculation of his jail credit upon parole revocation, and seeking immediate release. In an order entered January 31, 2018, the District Court granted in part and denied in part the habeas petition, directed Respondent to file a supplemental brief on the remaining claim, and directed the Clerk of the Court to administratively terminate the action for 30 days, "at which time the Court will reopen this proceeding and rule on" the habeas petition. Farmer filed a notice of appeal. See C.A. No. 18-1330. The District Court entered an order on March 5, 2018, relieving Respondent of its obligation to file the supplemental brief while the appeal was pending, and indicating it would establish a new briefing schedule, "if necessary, when the Third Circuit returns jurisdiction to this Court." The appeal was dismissed for lack of jurisdiction in May 2018.

On December 24, 2018, Farmer filed this mandamus petition,[1] alleging undue delay in the adjudication of his habeas petition, and seeking an order directing the District Court to "issue its ruling forthwith." An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). In a series of orders entered beginning on January 7, 2019, the District Court

---

[1] Farmer did not alert the District Court that his appeal had been dismissed.

2

directed the Clerk to reopen the matter, and ordered Respondent to file a supplemental brief. Because only nine months have passed since the appeal was dismissed, and the matter is now moving forward, we find no reason to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). We have full confidence that the District Court will rule on Farmer's petition within a reasonable time. Accordingly, we will deny the mandamus petition.